UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X   * Electronic case filing

Estate of VALERIE YOUNG by VIOLA YOUNG, :
as Administratrix of the Estate of Valerie Young,
and in her personal capacity, SIDNEY YOUNG,   :   **ANSWER**
and LORETTA YOUNG LEE,
:   **JURY TRIAL DEMANDED**

                 Plaintiffs,
:   07-CV-6241 (LAK)(DCF)

   -against-
:

STATE OF NEW YORK OFFICE OF MENTAL
RETARDATION AND DEVELOPMENTAL   :
DISABILITIES, PETER USCHAKOW, personally
and in his official capacity, JAN WILLIAMSON,   :
personally and in her official capacity, SURESH
ARYA, personally and in his official capacity,   :
KATHLEEN FERDINAND, personally and in her
official capacity, GLORIA HAYES, personally and :
in her official capacity, DR. MILOS, personally and
in his official capacity,   :

                 Defendants.   :

----------------------------------------------------------------X

      Defendants State of New York Office of Mental Retardation and Developmental Disabilities ("OMRDD"), Brooklyn Developmental Disabilities Service Office Director Peter Uschakow, Deputy Director Operations Jan Williamson, Residential Unit Supervisor Gloria Hayes, Treatment Team Leader Kathleen Ferdinand and Medical Doctor Jovan Milos, and Hudson Valley Developmental Disabilities Services Office Deputy Director Operations Suresh Arya, in their official capacities and individually ("Defendants"), by their attorney, Andrew M. Cuomo, Attorney General of the State of New York, hereby answer the allegations in the above-captioned Complaint as follows:

               <u>As to Preliminary Statement</u>

1. Deny the allegations contained in paragraph 1, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that Valerie Young suffered physical and emotional pain leading ultimately to her death, and admit that Plaintiffs purport to bring this action alleging the violation of the rights of Valerie Young under the Fourteenth Amendment to the United States Constitution and/or the Americans With Disabilities Act, 42 U.S.C. §12131, et seq., and/or the Rehabilitation Act of 1973.

   As to Parties

2. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2.

3. Admit the allegations contained in paragraph 3.

4. Admit the allegation contained in paragraph 4.

5. Admit the allegation contained in paragraph 5.

6. Admit the allegations contained in paragraph 6.

7. Admit the allegations contained in paragraph 7.

8. Admit the allegations contained in paragraph 8.

9. Admit the allegations contained in paragraph 9.

10. Admit the allegations contained in paragraph 10.

11. Admit the allegations contained in paragraph 11.

12. Admit the allegations contained in paragraph 12.

13. Admit the allegations contained in paragraph 13.

14. Admit the allegations contained in paragraph 14.

15. Admit the allegations contained in paragraph 15.

16. Admit the allegations contained in paragraph 16.

17. Neither admit nor deny the allegation contained in paragraph 17, which sets forth the manner to which the individual defendants may be referred to and not to statements of fact and, therefore, requires no response.

As to Jurisdiction and Venue

18. Deny the allegations contained in paragraph 18, except admit that Plaintiffs purport to bring this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 alleging the violation of rights under the Fourteenth Amendment to the United States Constitution, the Americans With Disabilities Act, 42 U.S.C. §12131, et seq., and §504 of the Rehabilitation Act of 1973, 29 U.S.C. §794.

19. Admit that allegation contained in paragraph 19 that venue properly lies with the Southern District of New York, because OMRDD maintains an office located in the County of New York, among other places.

As to Facts Underlying Plaintiffs' Claims for Relief

20. Admit the allegation contained in paragraph 20.

21. Admit the allegations contained in paragraph 21.

22. Admit the allegations contained in paragraph 22.

23. Admit the allegations contained in paragraph 23.

24. Admit the allegations contained in paragraph 24.

25. Admit the allegations contained in paragraph 25.

26. Deny the allegations contained in paragraph 26.

27. Deny the allegations contained in paragraph 27.

28. Deny the allegations contained in paragraph 28.

29. Deny the allegations contained in paragraph 29.

30. Admit the allegations contained in paragraph 30.

31. Admit the allegations contained in paragraph 31, except deny that it is the result of any wrongdoing by Defendants.

### As to Claims for Relief

32. In response to paragraph 32, Defendants repeat and reallege their above responses to paragraphs 1 through 31 as though fully set forth herein.

33. Deny the allegations contained in paragraph 33.

34. Deny the allegations contained in paragraph 34.

35. With respect to paragraph 35, it contains requests for relief, to which no response is required, but to the extent a response is warranted, Defendants deny each allegation contained therein and that Plaintiffs are entitled to any relief whatsoever.

36. In response to paragraph 36, Defendants repeat and reallege their above responses to paragraphs 1 through 35 as though fully set forth herein.

37. Deny the allegations contained in paragraph 37.

38. Deny the allegations contained in paragraph 38.

39. Paragraph 39 contains requests for relief, as to which no response is required, but to the extent a response is warranted, Defendants deny each allegation contained therein and that Plaintiffs are entitled to any relief whatsoever.

40. In response to paragraph 40, Defendants repeat and reallege their above responses to paragraphs 1 through 39 as though fully set forth herein.

41. Deny the allegations contained in paragraph 41.

42. Deny the allegations contained in paragraph 42.

43. Paragraph 43 contains requests for relief, as to which no response is required, but to the extent a response is warranted, Defendants deny each allegation contained therein and that Plaintiffs are entitled to any relief whatsoever.

44. In response to paragraph 44, Defendants repeat and reallege their above responses to paragraphs 1 through 43 as though fully set forth herein.

45. Deny the allegations contained in paragraph 45.

46. Paragraph 46 contains requests for relief, as to which no response is required, but to the extent a response is warranted, Defendants deny each allegation contained therein and that Plaintiffs are entitled to any relief whatsoever.

<u>As to Prayer for Relief</u>

47. The unnumbered Wherefore Clause paragraph on pages 8 and 9 contains requests for relief, as to which no response is required, but to the extent a response is warranted, Defendants deny each any every allegation contained therein.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

48. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

49.    This Court lacks jurisdiction over the subject matter of the cause of actions set forth in the Complaint in that the federal claims do not rise to a constitutional level and this Court lacks subject matter jurisdiction over any state law claims by Plaintiffs.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

50.    One or more of Plaintiffs' claims are barred by the applicable statue of limitations.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

51.    Plaintiffs have failed to exhaust administrative remedies available to one or more claims alleged in their Complaint.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

52.    The alleged injuries sustained by Plaintiffs in this action were caused in whole or in part by the conduct of one or more parties or entities for whose conduct these Defendants are not responsible.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

53.    Plaintiffs cannot recover damages against individual supervisory defendants based upon the legal theory of <u>respondeat superior</u>.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

54.    Plaintiffs have failed to state a claim against Defendants by failing to allege with specificity their personal involvement in the events which are alleged to have caused Plaintiffs' injuries.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE**

55.    Defendants are protected from liability by qualified immunity because at all relevant

times herein acted without malice, in good faith, and under the reasonable belief that their actions were reasonable and did not violate any clearly established constitutional rights of Plaintiffs.

### AS AND FOR A NINTH DEFENSE

56. Any alleged conduct or omission was, in whole or in part, properly within the discretionary authority committed to Defendants to perform their official functions, and the relief requested would constitute an improper intrusion by the federal judiciary into that discretionary authority.

### AS AND FOR A TENTH DEFENSE

57. Principles of comity bar Plaintiffs' claims.

### AS AND FOR A ELEVENTH DEFENSE

58. Plaintiffs were not deprived of any rights, privileges or immunities secured to them under the United States Constitution, the laws of the United States, or the laws of the State of New York.

### AS AND FOR A TWELFTH DEFENSE

59. Defendants have no official policy, custom, statute or regulation which permits or promotes the violation of any person's civil rights, and, moreover, no official policy, custom, pattern or practice of Defendants caused Plaintiffs any injury.

### AS AND FOR A THIRTEENTH DEFENSE

60. Any claims brought pursuant to 42 U.S.C. Section 1983 against the Defendants in their official capacity for money damages are barred by the Eleventh Amendment to the United States Constitution.

### AS AND FOR A FOURTEENTH DEFENSE

61.     Defendants at no time acted willfully or in malicious disregard of Plaintiffs' constitutional rights.  As such, Plaintiff is not entitled to punitive or other relief.

WHEREFORE, Defendants respectfully request that the Complaint be dismissed in its entirety and that this Court grant such other and further relief as the Court deems reasonable and just.


Dated: New York, New York
       September 21, 2007

                                                ANDREW M. CUOMO
                                              Attorney General of the
                                               State of New York
                                              <u>Attorney for Defendants</u>
                                              By:

                                              <u>S/ Jose L. Velez</u>
                                              JOSE L. VELEZ
                                              Assistant Attorney General
                                              120 Broadway, 24th Floor
                                              New York, New York 10271
                                              (212) 416-8164


TO:   JACQUES CATAFAGO, ESQ.
      The Catafago Law Firm, P.C.
      Empire State Building
      350 Fifth Avenue, Suite 4810
      New York, NY 10118
      (212) 239-9669

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X     * Electronic case filing
Estate of VALERIE YOUNG by VIOLA YOUNG,   :
as Administratrix of the Estate of Valerie Young,
and in her personal capacity, et al.,                  :     **CERTIFICATE OF SERVICE**

        Plaintiff,                  :     07-CV-6241 (LAK)(DCF)

    -against-                                   :

STATE OF NEW YORK OFFICE OF MENTAL    :
RETARDATION AND DEVELOPMENTAL
DISABILITIES, et al.,                                    :

        Defendants.           :
----------------------------------------------------------------X

    JOSE L. VELEZ, certifies that:

    He is an Assistant Attorney General in the office of ANDREW M. CUOMO, the Attorney General of the State of New York, attorney for the defendants.  On September 21, 2007, he served the annexed defendants' answer to plaintiffs' complaint upon the following named person:

        Jacques Catafago, Esq.
        Catafago Law Firm, P.C.
        Empire State Building
        350 Fifth Avenue, Suite 4810
        New York, NY 10118

attorney of plaintiffs in the within entitled action by electronic case filing and by depositing a true and correct copy thereof, properly enclosed in a post-paid wrapper, in a post office box regularly

maintained by the United States Postal Service at 120 Broadway, New York, New York 10271, directed to said person at the address within the State designated by him for that purpose.

                                                S/ Jose L. Velez
                                                JOSE L. VELEZ

Executed September 21, 2007

Docket No. 07 CV 6241 (LAK) (DCF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Estate of VALERIE YOUNG by VIOLA YOUNG, as Administratrix of the Estate of Valerie Young, and in her personal capacity, SIDNEY YOUNG, and LORETTA YOUNG LEE,

                                    Plaintiffs,

       -against-

STATE OF NEW YORK OFFICE OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES, PETER USCHAKOW, personally and in his official capacity, JAN WILLIAMSON, personally and in her official capacity, SURESH ARYA, personally and in his official capacity, KATHLEEN FERDINAND, personally and in her official capacity, GLORIA HAYES, personally and in her official capacity, DR. MILOS, personally and in his official capacity,

                                    Defendants.

ANSWER

                ANDREW M. CUOMO
                Attorney General of the
                State of New York

                ATTORNEY FOR
                  Defendants

Office and Post Office Address
120 Broadway, 24th Floor
New York, New York 10271
(212) 416-8164

_____

Case 1:07-cv-06241-LAK-DCF   Document 11   Filed 09/21/2007   Page 11 of 11