IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ESTATE OF VALERIE YOUNG, et al., | Electronically Filed |
| plaintiffs, | Case No.: 07-CV-06241 (LAK) |
| against | **DECLARATION OF JONATHAN BAUER, ESQ.** |
| STATE OF NEW YORK OFFICE OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES, *et al.*, | |
| defendants. | |

JONATHAN BAUER, an attorney admitted to practice before the Courts of the State of New York and this Court, certifies pursuant to 28 USC §1746 and under penalty of perjury, that the following is true and correct:

1. I am co-counsel for plaintiffs together with the Catafago Law Firm, P.C. I make this Declaration of my personal knowledge of this action and my review of the records and documents of this case. I submit this Declaration in support of the Motion to Compel Discovery.

2. This case concerns the standards of care and treatment of plaintiffs' decedent, Valerie Young (hereafter, "Valerie"), a profoundly mentally retarded person who was in the custody and/or care of the defendants herein, and died while in the custody and care.

3. On December 22, 2007, counsel herein served the Plaintiffs' Request for Production of Documents, Electronically Stored Information and Tangible Things and Interrogatories upon each named defendant in both their personal and official capacities (hereafter, "the Discovery Requests"). See Exhibit A, Jacques Catafago Declaration; Exhibit B, the Discovery Requests.

4. The Discovery Requests sought the identification of material as concerning Valerie maintained in each defendants' personal and/or official file(s) from January 1, 1999 to the present date, and production of that material to the extent not yet produced. Exhibit B. Although there are six separate requests, they are all identical and differ only insofar as they refer to different individual defendants. This was necessary because the defendants failed and refused to identify the documents produced by source and category in their original, collective production.

5. This request was made because, among other reasons, custody and control of a document is relevant to liability by showing notice and a failure to act. *E.g., Hayut v. State University of New York*, 352 F.3d 733, 753 (2d Cir. 2003).

6. The individuals named herein as defendants have stated that each and every one of them are familiar with the medical care and treatment provided to Valerie. Exhibit C, Defendants' Rule 26(a)(1) Disclosure at ¶¶ 1(a) through 1(f) (hereafter, Initial Disclosure). The Initial Disclosure also states that electronically stored material relevant herein are maintained on individual "user-implemented retention and back-up procedures." Exhibit C, Initial Disclosure at ¶ 2 (pages 2-3).

7. In a letter dated January 2, 2008, defendants' counsel stated that they objected to the Discovery Requests and would not respond. Exhibit D, January 2, 2008 letter of Jose L. Velez, Assistant Attorney General ("Letter Objection"). The Letter Objection asserted that defendants had produced (or were in the process of producing) documents pursuant to Fed. R. Civ. P. Rule 33(d) (option to produce business records) and that the burden to answer the interrogatories (identification of documents) is substantially the same for plaintiffs as defendants.

8. On March 12, 2008 plaintiffs' counsel spoke with defendants' counsel seeking to obtain compliance with the Discovery Requests. Defendants however refused to modify their position. Exhibit A, Jacques Catafago Declaration.

9. It is impossible for plaintiffs to ascertain from the documents produced where and/or by whom and/or the distribution of those documents or who maintained custody of any of the documents at or if multiple copies of the documents exist in different individuals' files. The documents are not specified by category or location or in any way marked or organized to indicate the source. It is impossible for plaintiff to determine from the documents themselves whether there exists more than one copy of any given document that may have been distributed within the defendant Agency and to different staff. As examples drawn from the thousands of pages of documents produced: see Exhibit E, Special Case Conference (no indication of distribution or file source of document, notwithstanding that 4/21/2005 fax header indicates that the document was distributed and that the copy produced was that of the faxed copy's recipient); see also Exhibit F, list of Incidents with anonymous handwriting on page 2, indicating that document is a copy or a computer print out with no indication of its custodian, source, or recipient.

10. Documents that on their face appear to exist in multiple copies reflecting senders and recipients were, so far as plaintiffs can ascertain, only produced as a single copy with no indication of the document's custodian. *E.g.* Exhibit E, faxed case conference.

11. In their Initial Disclosure defendants state that there is in place an electronic mail system. Upon information and belief defendants maintain statistical data in electronic form concerning each resident, including decedent Valerie Young. Yet no data in electronic form was

produced and no documents were produced and <u>identified</u> as a print out electronically stored data. *E.g.* Exhibit F, a possible electronic data compilation print out, but not identified.

12. Production in this case thus far includes nearly ten thousand pages of documents. Defendants have exclusive knowledge of the origin of those documents, plaintiffs have none. Counsel for defendants did not provide a list or other identifying information concerning the source and origin of the documents and that information is not available from the documents themselves.

13. Any of the documents produced may appear in more than one defendants' file. Plaintiffs are entitled to this information. Notice and the manner of each defendants' awareness of facts are relevant considerations. *E.g.*, *Hayut*, 352 F.3d at 753.

14. The source and identity of the documents is within the exclusive knowledge of the producing parties. Plaintiffs are not able to decipher this information and should not required to do the impossible. <u>See</u> *Compagnie Francaise v. Phillips Petroleum*, 105 FRD 16, 44 (SDNY 1984).

15. For the reasons set forth herein this Court should direct the defendants to fully respond to the Discovery Requests by identifying (by Bates Number) the documents that are a part of the files of each of the defendants concerning Valerie Young and producing any such documents and electronic data not a part of the prior production, including, but not limited to electronic mail and data compilations.

Dated:   New York, New York
        March 13, 2008

                                                  Respectfully Submitted,

                                                  s/
                                              Jonathan Bauer