

STATE OF NEW YORK

OFFICE OF THE ATTORNEY GENERAL

ANDREW M. CUOMO
Attorney General

(212) 416-8164

January 2, 2008

LESLIE G. LEACH
Executive Deputy Attorney General
Division of State Counsel

JUNE DUFFY
Assistant Attorney General in Charge
Litigation Bureau

Jonathan Bauer, Esq.
Catafago Law Firm, P.C.
Empire State Building
350 Fifth Avenue, Suite 4810
New York, NY 10118

Re: Estate of Valerie Young, et al. v. Young Lee, et al.; 07-cv-06241 (LAK)(DCF)

Dear Mr. Bauer:

I am in receipt of the separate plaintiffs' interrogatories to each of the defendants, in their personal and official capacities, and the separate plaintiffs' request for production of documents, electronically stored information and tangible things to each of the defendants, all dated December 22, 2007. Defendants object to being served with these discovery requests, because they already have been responded to in Defendants' Responses to Plaintiffs' First Set of Interrogatories, and Defendants' Response to Plaintiffs' First Request for the Production of Documents, Electronically Stored Information and Tangible Things, both dated November 30, 2007. For example, see response to Interrogatory No. 2 and response to Document Request No. 1, which referenced documents bates stamped 1 - 8797 annexed under Exhibit Tab A as records from which the answer may be derived or ascertained as permitted in Fed. R. Civ. P. 33(d) and Local Civil Rules 33.1.

Pursuant to Fed. R. Civ. P. 33(d), defendants exercised their option to produce business records by producing documents bates stamped 1 - 8797. "Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served . . . and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies . . ." Indeed, beyond the requirement of Local Civil Rule 33.1, defendants have produced to plaintiffs all of the documents where the answers to their interrogatory may be derived or ascertained, as well as all of the documents that are responsive to plaintiffs'

document requests.[1] Any effort by plaintiffs' counsel to shift the burden of deriving or ascertaining the answer to their interrogatories and the review of the records produced to defendants is clearly not permitted by Fed. R. Civ. P. 33(d) and Local Civil Rule 33.1. Accordingly, defendants will not be responding any further to the discovery requests referenced above.

Finally, since plaintiffs' counsel has not responded to my courtesy telephone call on December 21, 2007, asking for availability dates during the end of January 2008 and beginning of February 2008, for plaintiffs to be deposed at my office, I will shortly be serving notice of depositions on plaintiffs for that period.

Do not hesitate to contact me should you have any questions regarding these matters.

Very truly,

Jose L. Velez
Assistant Attorney General

Encl.

---

[1] Enclosed are Minor Occurrence reports for Valerie Young bates stamped 8798 - 9087. In addition, I have obtained log books which are in the process of being copied and which will require a stipulation of confidentiality before they can be produced to plaintiffs' counsel.

**Exhibit D pg. 2**