UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X        * Electronic case filing

Estate of VALERIE YOUNG, et al.,                    :        07-CV-6241 (LAK)(DCF)

                         Plaintiffs,         :        **DECLARATION OF JOSE L. VELEZ IN**

  - against -                                                            :        **OPPOSITION TO PLAINTIFFS' MOTION**

STATE OF NEW YORK OFFICE OF MENTAL        :        **TO COMPEL**
RETARDATION AND DEVELOPMENTAL                          **PRODUCTION OF**
DISABILITIES, et al.,                                              :        **DOCUMENTS AND ANSWERS TO**
                        Defendants.       :        **INTERROGATORIES**

------------------------------------------------------------------------X

      JOSE L. VELEZ, an attorney admitted to practice before the Courts of the State of New York and this Court, certifies pursuant to 28 U.S.C. § 1746 and under penalty of perjury, that the following is true and correct:

      1.      I am an Assistant Attorney General in the office of Andrew M. Cuomo, Attorney General of the State of New York, attorney for defendants State of New York Office of Mental Retardation and Developmental Disabilities ("OMRDD"), Brooklyn Developmental Disabilities Service Office ("BDDSO") Director Peter Uschakow, Deputy Director Operations Jan Williamson,  Residential Unit Supervisor Gloria Hayes, Treatment Team Leader Kathleen Ferdinand and Medical Doctor Jovan Milos, and Hudson Valley Developmental Disabilities Services Office Deputy Director Operations Suresh Arya.  I am familiar with this case and make this declaration on personal knowledge and information on information and belief, the basis for which are my communications with plaintiffs' counsel, OMRDD employees, and my review of documents relevant to this case.

      2.      Starting early December 2007, defendants have produced over 10,000 pages of

documents pursuant to plaintiffs' first document request, which has been followed by a second document request served by plaintiff seeking a categorization of the documents produced after the first request. Plaintiff now seeks an order requiring the defendants to fully and completely respond to the plaintiffs' production requests and interrogatories served December 22, 2007 by identifying (by Bates Number) the documents that are a part of the files of each of the defendants concerning Valerie Young and producing any such documents and electronic mail and data compilations. See plaintiffs' Motion to Compel Production of Documents and Answers to Interrogatories, dated March 13, 2008. Thus, this motion is about over 10,000 pages of documents that plaintiff could have reviewed in the time it took to prepare the plaintiffs' second document request and the time it took to prepare this motion, as well as from the time the documents were first produced starting in early December 2007.

3. On November 13, 2007, defendants were served with Plaintiffs' First Set of Interrogatories and Plaintiffs' First Request for production of Documents, Electronically Stored Information and Tangible Things, both dated November 8, 2007. See Plaintiffs' First Set of Interrogatories and Plaintiffs' First Request for production of Documents, Electronically Stored Information and Tangible Things, both dated November 8, 2007, annexed hereto under Exhibit Tab A.

4. On November 30, 2007, defendants served on plaintiff Defendants' Responses to Plaintiffs' First Set of Interrogatories and Defendants' Responses to Plaintiffs' First Request for the Production of Documents, Electronically Stored Information and Tangible Things, both dated November 30, 2007. By cover letter, dated November 30, 2007, plaintiff was advised that, the documents would be produced upon receipt of the authorizations for the release and disclosure of

health information and psychotherapy notes for the decedent Valerie Young which were mailed to the attention of plaintiff's counsel on November 8, 2007.  See Letter from Jose L. Velez to Jonathan Bauer, dated November 30, 2007, and Defendants' Responses to Plaintiffs' First Set of Interrogatories and Defendants' Responses to Plaintiffs' First Request for the Production of Documents, Electronically Stored Information and Tangible Things, both dated November 30, 2007, annexed hereto under Exhibit Tab B.

5.     After receiving the authorizations for the release and disclosure of health information and psychotherapy notes for the decedent Valerie Young on December 4, 2007, defendants have produced exactly 10,464 pages of documents to plaintiff, which are all of the documents identified by defendants as being in their possession that are responsive to the discovery requirements under the Fed. R. Civ. P. and plaintiffs' discovery requests.  The records were maintained by BDDSO in the regular course of business and were in their custody, and were produced in the manner they are kept.  These records include hard copies of records of electronically stored information, i.e., word processing and e mail.

6.     Subsequent to defendants November 30, 2007 discovery responses to plaintiffs' first discovery request, defendants were served with the second plaintiffs' production requests and interrogatories served December 22, 2007, which requested the same information in plaintiffs' first discovery request, but now made the request individually of each defendant.  See the Discovery Requests, attached as Exhibit B to the Declaration of Jonathan Bauer, dated March 13, 2008.  This discovery request was a blatant attempt by plaintiff's counsel to avoid, or at least postpone, reviewing the documents they requested, and to shift part of the burden of prosecuting this case to the defendants.  Indeed, the Declaration of Jonathan Bauer requests that defendants

be directed to respond to the specific discovery requests by identifying documents by specific Bates Number.  <u>See</u> Bauer Declaration at ¶ 15.  It is unfair for plaintiffs to place the burden of reviewing the documents on the defendants.  Indeed, the second document request, made after defendants collected and produced documents in response to the first document request, smacks of abuse of process and retaliation.

       7.      In response to plaintiff's second discovery request, defendants sent a letter, dated January 2, 2008, objecting to service of this discovery request, as it was redundant of Defendants' Responses to Plaintiffs' First Set of Interrogatories, and Defendants' Response to Plaintiffs' First Request for the Production of Documents, Electronically Stored Information and Tangible Things, both dated November 30, 2007.  Plaintiff was advised, for example, to see response to Interrogatory No. 2 and response to Document Request No. 1, which referenced documents bates stamped 1 - 8797 annexed under Exhibit Tab A as records from which the answer may be derived or ascertained as permitted in Fed. R. Civ. P. 33(d) and Local Civil Rules 33.1.  Accordingly, plaintiff was informed that defendants will not be responding any further to the discovery requests being made at that time.  <u>See</u> Letter to Jonathan Bauer, dated January 2, 2008, annexed to Bauer Declaration as Exhibit D..

       8.      Plaintiff was further advised in the January 2, 2008 letter that, pursuant to Fed. R. Civ. P. 33(d), defendants had exercised their option to produce business records by producing documents bates stamped 1 - 8797.  "Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served . . . and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to

specify the records from which the answer may be derived or ascertained and to afford the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies . . ." See Fed. R. Civ. P. 33(d). Indeed, beyond the requirement of Local Civil Rule 33.1, defendants have produced to plaintiffs all of the documents where the answers to their interrogatory may be derived or ascertained, as well as all of the documents that are responsive to plaintiffs' document requests. Any effort by plaintiffs' counsel to shift the burden of deriving or ascertaining the answer to their interrogatories and the review of the records produced to defendants is clearly not required by Fed. R. Civ. P. 33(d) and Local Civil Rule 33.1.

9. In addition, plaintiffs' Motion to Compel Production of Documents and Answers to Interrogatories is not timely. The motion to compel was made more than two and one-half months after plaintiffs were advised in writing that defendants objected to and would not respond any further to the second discovery request. Indeed, pursuant to the Fed. R. Civ. P. plaintiffs should have filed such a motion within 30 days.

10. Plaintiffs' counsel states that the second discovery request was made because, among other reasons, custody and control of a document is relevant to liability by showing notice and a failure to act. In support of their position plaintiffs cite to Hayut v. State University of New York, 352 F.3d 733, 753 (2d Cir. 2003). Hayut involves an affirmative action complaint and the part of the case relied upon by plaintiffs does not support the relief requested in their motion to compel. Instead, it provides the legal basis for a supervisory official's personal involvement in a challenged conduct and makes no finding regarding the custody and control of documents. Likewise, Compagnie Francaise v. Phillips Petroleum, 105 FRD 16, 44 (SDNY 1984), the other case cited by plaintiffs does not support the relief requested in their motion.

This case involved documents in the possession of a thirty party with a substantial interest in the litigation being allowed to frustrate the rules of discovery to the disadvantage of a party, but that is not an issue in this litigation. In addition, Compagnie Francaise involved the foisting of masses of records, which is not the case with defendants' document production of 10,000 pages of documents consisting mostly of medical records. Surely, plaintiffs' counsel cannot be representing to this Court that there are too many documents for them to look through and figure out what is important, particularly when compared with the amount of time that has elapsed since the documents were produced to them and the amount of time wasted on plaintiffs' second discovery request and this motion.

11. Plaintiffs' argument that it will be impossible for them to ascertain from the documents produced their source, distribution and custody is without merit. See Bauer Declaration at ¶ 9. The documents produced by defendants during discovery in this litigation are self-explanatory as they consist of decedent Valerie Young's clinical records, investigation materials, mortality review, autopsy report, interoffice memorandums, conference meeting summaries, incident or investigation reports, reportable incident reports, and allegation of abuse reports, etc., which clearly identify the creator of the document, to whom the document was addressed, and list the individuals receiving a copy of the document. In particular, the medical records, which account for a large number of the records produced, indicate who produced the entries therein and are, of course, maintained by the medical records department. In addition, the information sought by plaintiff, e.g., if one of the defendants was a custodian of a record or received a copy of a record, is more readily obtainable via deposition.

12. With respect to electronic documents, Defendants' Initial Disclosures pursuant to

FRCP 26(a)(1) clearly states that OMRDD does not have a widely used electronic document management system and that the relevant electronic systems that BDDSO has had in place are e-mail and word processing documents. To the extent that any such documents were found to exist that are relevant to this litigation, they have been produced in hard copy form.

13. Moreover, upon information and belief, plaintiffs' motion appears to be a pretext to obtain another delay in the proceedings. This Court will recall that plaintiffs have already requested one enlargement in the discovery schedule. On March 12, 2008, I received a telephone call from plaintiffs' counsel Jacques Catafago and Jonathan Bauer, confirming their receipt of defendants' expert witness disclosure pursuant to Fed. R. Civ. P. 26(a)(2), which as per the amended consent scheduling order is due by both parties on or before March 31, 2008. I was then informed that now that plaintiffs had received defendants' expert report, plaintiffs wanted another month to submit their expert's report. After I asked why plaintiffs needed so much time and received no satisfactory answer, I refused to consent to any enlargement of the discovery schedule. At this point, I was told, for the first time, that plaintiffs did not believe defendants had responded to plaintiffs' second discovery requests. After I advised them that defendants had indeed responded with my January 2, 2008 letter and that no further response from defendants would be forthcoming, Mr. Bauer responded that they would go to court with a motion to compel discovery and hung up his telephone.

14. Plaintiffs' counsel has previously resorted to unnecessary practices when I was unable to provide them with the response they sought. On November 12, 2007, Veterans Day, a State holiday during which my office was closed, Jacques Catafago left on my voice mail a message confirming receipt of defendants' discovery requests. He also stated in the message that

he wanted me to call him to discuss settling the case. I returned Mr. Catafago's call the very next morning, i.e., November 13, 2007, and advised him that defendants were not interested in settlement. Toward the end of the conversation, Mr. Catafago stated that since I did not immediately respond to his voice mail, plaintiffs had served notices of depositions on each of the defendants. The notices of deposition, dated November 13, 2007, were received by mail at my office on November 15, 2007, and scheduled six depositions during the middle through the end of December. Although all of the defendants were prepared to appear at their scheduled deposition dates, plaintiffs' counsel adjourned the depositions and instead requested an enlargement of the discovery schedule. On December 10, 2007, I reluctantly consented to the proposed enlargement. By the end of January, 2008, all of the plaintiffs' depositions have been completed. None of the defendants have been deposed by plaintiffs' counsel. See Notices to Take the Depositions of Defendants, dated November 13, 2007, annexed hereto under Exhibit Tab C.

15. For all of the foregoing reasons, plaintiffs' motion to compel should be denied.

Dated: New York, New York
       March 17, 2008

                                          Respectfully submitted,
                                          ANDREW M. CUOMO
                                          Attorney General of the
                                             State of New York
                                          Attorney for Defendants
                                            By:

                                          S/
                                          JOSE L. VELEZ
                                          Assistant Attorney General
                                          120 Broadway, 24th Floor
                                          New York, N.Y. 10271
                                          (212) 416-8164

To:    JONATHAN BAUER, ESQ.

The Catafago Law Firm, P.C.
Empire State Building
350 Fifth Avenue, Suite 4810
New York, NY 10118
(212) 239-9669

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ------------------------------------------------------------------X | * Electronic case filing |
| Estate of VALERIE YOUNG by VIOLA YOUNG, as Administratrix of the Estate of Valerie Young, and in her personal capacity, et al., | **CERTIFICATE OF SERVICE** |
| Plaintiff, | 07-CV-6241 (LAK)(DCF) |
| -against- |  |
| STATE OF NEW YORK OFFICE OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES, et al., |  |
| Defendants. |  |
| ------------------------------------------------------------------X |  |

JOSE L. VELEZ, certifies that:

He is an Assistant Attorney General in the office of ANDREW M. CUOMO, the Attorney General of the State of New York, attorney for the defendants. On March 17, 2008, he served the annexed defendants' declaration to plaintiffs' complaint upon the following named person:

> Jonathan Bauer, Esq.
> Catafago Law Firm, P.C.
> Empire State Building
> 350 Fifth Avenue, Suite 4810
> New York, NY 10118

attorney of plaintiffs in the within entitled action by electronic case filing and by depositing a true and correct copy thereof, properly enclosed in a post-paid wrapper, in a post office box regularly maintained by the United States Postal Service at 120 Broadway, New York, New York 10271, directed to said person at the address within the State designated by him for that purpose.

        S/_____
        JOSE L. VELEZ

Executed March 17, 2008

        Docket No.  07 CV 6241 (LAK) (DCF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

Estate of VALERIE YOUNG by VIOLA YOUNG,
as Administratrix of the Estate of Valerie Young,
and in her personal capacity, SIDNEY YOUNG,
and LORETTA YOUNG LEE,

                        Plaintiffs,

          -against-

STATE OF NEW YORK OFFICE OF MENTAL
RETARDATION AND DEVELOPMENTAL
DISABILITIES, PETER USCHAKOW, personally
and in his official capacity, JAN WILLIAMSON,
personally and in her official capacity, SURESH
ARYA, personally and in his official capacity,
KATHLEEN FERDINAND, personally and in her
official capacity, GLORIA HAYES, personally and
in her official capacity, DR. MILOS, personally and
in his official capacity,

                        Defendants.
_____

                    DECLARATION
_____

          ANDREW M. CUOMO
          Attorney General of the
          State of New York

          ATTORNEY FOR
            Defendants

          Office and Post Office Address
          120 Broadway, 24th Floor
          New York, New York 10271
          (212) 416-8164

_____