IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

ESTATE OF VALERIE YOUNG, et al.,        ECF CASE

            plaintiffs,        Case No.: 07-CV-06241 (LAK)

  - against -

STATE OF NEW YORK OFFICE OF MENTAL
RETARDATION AND DEVELOPMENTAL
DISABILITIES, et al.,

            defendants.

------------------------------------------------------------

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO QUASH AND FOR SANCTIONS

**Jonathan Bauer, Esq. and
the Catafago Law Firm, PC**
Empire State Building
350 Fifth Ave. Suite 4810
New York, NY 10118
212-239-9669
212-239-9688 (fax)
catafagolaw@verizon.net

*Attorneys for Plaintiff*

## Facts and Preliminary Statement

This is a Memorandum seeking to quash a subpoena purportedly served upon Richard Bindie, MD, plaintiffs' expert witness. **Exhibit 1**, Subpoena. The subpoena has a variety of fatal defects, including: it was served outside the territorial limits (greater than 100 miles and outside New York State) violating Fed. R. Civ. P. Rule 45(b)(2); the subpoena was not served concurrently with reasonably estimated mileage fees in violation of Fed. R. Civ. P. Rule 45(b)(1); the subpoena was served without prior notice to plaintiffs even though it includes a subpoena duces tecum violating Fed. R. Civ. P. Rule 45(b)(1); and the subpoena was served to circumvent the requirements of Fed. R. Civ. P. Rule 34.

**A.   Facts of this case as relevant to this motion**

This is an action seeking damages for the death of the plaintiffs' decedent, Valerie Young ("Valerie"), a profoundly mentally retarded person, and for Valerie's suffering during the last months of her life while in the defendants' custody and care. A detailed recitation of the facts of this case was recently filed with this Court in support of Plaintiffs' Motion for Sanctions in connection with defendants' spoliation of approximately eleven hundred (1,100) pages of Valerie's clinical record. See Memorandum in Support, filed and docketed as Document Number 21 on May 14, 2008. Therefore, we respectfully refer this Court to the detailed statement of facts in the above referenced memorandum of law.

**B.   Procedural facts as relevant to this motion**

The parties have completed all document discovery pursuant to demands that were exchanged (other than the issue of defendants' spoliation, the subject of plaintiffs' motion for sanctions, currently before this Court). The parties have also completed depositions and have designated expert witnesses and exchanged expert witness reports. See **Exhibit 6**, Declaration of Jonathan Bauer.

Expert witness depositions have not yet been scheduled, and the plaintiff, in an application submitted pursuant to the Individual Practices of this Court at Page 3 (Adjournments/Extensions) concurrently with this motion, has made an application to adjourn expert witness depositions pending determination of the sanctions motion. The reason for the plaintiffs' application is that the documents subjected to spoliation are material to expert testimony and opinion and the plaintiffs' expert presentation has been and continues to be prejudiced by the spoliation of documents from Valerie's clinical record (**Exhibit 6**, Bauer Declaration).

In a letter to defendants' counsel, plaintiffs sought consent to adjourn expert witness deposition pending the determination by this Court of plaintiffs' motion for sanctions. However, defense counsel has indicated that they do not consent to that request. **Exhibit 6**, Bauer Declaration. Plaintiffs did not receive prior notice of the subpoena; it was received by Dr. Bindie on May 14, 2008, but plaintiffs were only served by fax a copy of a subpoena that defendants purported to serve upon Dr. Bindie on May 15, 2008. See **Exhibit 1** Subpoena dated May 13, 2008.

The subpoena was served on Dr. Bindie notwithstanding that he is employed and resides in Pennsylvania, outside the Southern District of New York and outside the State of New York. See **Exhibit 3** Curriculum Vitae of Dr. Bindie. Critically for Fed. R. Civ. P. Rule 45 purposes, Dr. Bindie's residence and place of employment are more that 100 miles from the place of deposition, New York City. See **Exhibit 4** and **Exhibit 5**, maps showing the distance between New York and Dr. Bindie's places of employment and residence.

## Legal Points and Authority

As set forth in the following sections, the subpoena should be quashed because it did not conform with the requirements of Fed. R. Civ. P. Rule 45 in that the subpoena is facially defec-

tive, was not served from a District Court with personal jurisdiction over the deponent and/or without authority from this Court, was served without the inclusion of the required mileage allowance, all of which renders the subpoena a nullity.

Even if the subpoena is enforceable, a protective order should be issued for so much of the subpoena as seeks the production of documents and electronically stored information. The deponent is an expert witness retained by the plaintiffs. Therefore all requests to this witness for document production must be made pursuant to Fed. R. Civ. P. Rule 34, unless otherwise required by the provisions of Fed. R. Civ. P. Rule 26.

**A.  Service of the subpoena was ineffective and must be quashed**

The subpoena was served in violation of the requirements of Fed. R. Civ. P. Rule 45(b)(2) and therefore must be quashed pursuant to Fed. R. Civ. P. Rule 45(c)(3)(A)(ii) (requiring that the subpoena be quashed where, as here, the deponent is more than one hundred miles from the district and outside of the issuing Court's state). Service of the subpoena was also ineffective because defendants failed to tender a reasonably estimated mileage allowance concurrently with service of the subpoena, violating Fed. R. Civ. P. Rule 45(b)(1).

**(i)  The subpoena must be quashed pursuant to Fed. R. Civ. P. Rule 45(c)(3)(A)(ii)**

The deposition that is the subject of the subpoena, is stated to be held at the Office of the New York State Attorney General, located at 120 Broadway, New York City. The subpoena was issued by the Southern District of New York under the signature of Assistant Attorney General Jose L . Velez, see **Exhibit 1**, Subpoena. The deponent, Dr. Richard Bindie, lives and is employed outside of the Southern District of New York; he is employed as the Director of the Department of Pathology, Pottsville Hospital, Pottsville, Pennsylvania and resides in Schuylkill Haven, Pennsylvania. **Exhibit 3**, *Curriculum Vitae* of Richard P. Bindie, MD.

Pottsville (where Dr. Bindie is employed) is 135 miles from New York City. See **Exhibit 4** map showing the distance between New York City and Pottsville, Pennsylvania). Schuylkill Haven, where Dr. Bindie resides, is 131 miles from New York City. See **Exhibit 5**, map showing the distance between New York City and Schuylkill Haven, Pennsylvania. This Court may take judicial notice of the facts that Pottsville and Schuylkill Haven are **not** within the Southern District of New York or the State of New York. Fed. Evid. Rule 201. This Court may also take judicial notice of the fact that the deponent's residence and place of employment fall within the Middle District of Pennsylvania. Fed. Evid. Rule 201.

The issuing district of the subpoena is the Southern District of New York. Fed. R. Civ. P. Rule 45(b)(2) permits a subpoena to be served outside the district of the issuing court, but only if within "100 miles of the place specified for deposition …" pursuant to Rule 45(b)(2)(B); or within the state of the issuing court pursuant to Rule 45(b)(2)(C); or if issuance of the subpoena was authorized on motion and for good cause, if a federal statute so provides. Rule 45(b)(2)(D). None of these three conditions were met herein.

The one hundred mile rule has been strictly enforced. *E.g.*, *GMA Accessories, Inc. v. Eminent, Inc.*, No. 07-CV-3219, 2007 WL 4456009 at *1, 2007 U.S. Dist. LEXIS 91755, (SDNY December 11, 2007) (subpoena to deposition outside 100 mile range is improper, denying motion to compel deposition); See also, *Miller v. Holzmann*, 471 F.Supp.2d 119 (D DC 2007) (declining to enforce subpoena to expert witness who lived more than 100 miles from address given as place where production would take place and which required production of all files in the witnesses' offices).

Therefore, this Court <u>must</u> quash the subpoena pursuant to Fed. R. Civ. P. Rule 45(c)(3)(A)(ii) (requiring that the subpoena be quashed where, as here, the purported deponent is more than one hundred miles from the district and outside of the issuing Court's state).

    **(ii)    The subpoena is a nullity because defendants failed to tender a reasonably estimated mileage allowance with the subpoena**

Fed. R. Civ. P. Rule 45(b)(1) requires, inter alia, that with service of the subpoena, where, as here, the subpoena "requires that person's attendance" with the subpoena <u>must</u> be tendered the fees for one day's attendance and mileage; service is invalid where the subpoena has been tendered without witness fees or mileage allowances are invalid. <u>See</u> *CF & I Steel Corp. v Mitsui & Co*. 713 F2d 494, 496 (9th Cir. 1983).

The subject subpoena was served with a check in the amount of $40.00, the attendance fee. See Exhibit 2 (copy of check tendered). However, <u>no fee for mileage was provided concurrently with the subpoena</u>. Accordingly the subpoena was invalid and the subpoena should be quashed. <u>See</u> *Song v. Dreamtouch*, Inc., No. 01-CV-0386-AGS, 2001 WL 487413 at *7, 2001 US Dist. LEXIS 5822 at *24 (SDNY May 8, 2001) (quashing subpoena where required fees were not tendered with the subpoena) citing *Costamar Shipping Co. Ltd. v. Kim-Sail Ltd*., No. 95 Civ. 3349, 1995 WL 736907, at *2, 1995 U.S. Dist. LEXIS 18430 (SDNY December 12, 1995); *CF & I Steel Corp. v. Mitsui & Co. (USA)*, 713 F.2d 494, 496 (9th Cir. 1983), <u>in accord</u>, *Tedder v. McAlister*, 890 F.2d 210, 211 (9th Cir. 1989) (mileage fees must be tendered concurrently with subpoena, holding subpoena to be invalid for failing to comply with that requirement).

We note that the subpoena is additionally defective in that in fails to state the manner for recording the deposition violating Fed. R. Civ. P. Rule 45(a)(1)(B); <u>See</u>, Advisory Committee note to the 2005 Amendments.

5

**B.     Defendants violated the express language of Fed. R. Civ. P. Rule 45 by failing to serve prior notice where, as here, the subpoena demands the production of documents**

The subpoena was received by Dr. Bindie no later than May 15, 2008, the same day that plaintiffs' counsel received a copy of the subpoena by facsimile transmission. Plaintiff were not served with a copy of the declaration of service for the subpoena, however because service was Federal Express, the reasonable presumption is that service was made on May 13 or 14, 2008. **Exhibit 6**, Bauer Declaration at ¶¶ 3-4.

The subpoena (**Exhibit 1Exhibit 1**) contains a command for the production of documents. Thus the defendants were required to provide notice of the subpoena to plaintiffs prior to service. Fed. R. Civ. P. Rule 45(b)(1) (where a subpoena "commands the production of documents … a notice must be served on each party").

Courts have uniformly disapproved subpoenas *duces tecum* where, as here, the party serving the subpoena has not provided adequate notice. See *Schweitzer v. Mulvehill*, 93 F.Supp.2d 376, 411 (SDNY 2000) (Dolinger, U.S.M.J., adopted 93 F.Supp.2d 376, Cedarbaum, U.S.D.J.). The *Schweitzer* Court explained:

> The purpose of the requirement of prior notice is to afford the other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents and things. Fed. R. Civ. P. 45 committee note, 1991 amendments. [citations omitted]. The requirement of prior notice has been interpreted to require that notice be given prior to the issuance of the subpoena, not prior to its return date. See *Biocore Med. Technologies, Inc. v. Khosrowshahi*, 181 F.R.D. 660, 667 (D. Kan 1998); 9 Moore's Federal Practice, 45.03[4][b] at 45-27 (3d Ed. 1999).
>
> *Schweitzer*, 93 F.Supp.2d at 411

In *Murphy v. Board of Education*, 196 FRD 220 (WDNY 2000), two third-party subpoenas were served without providing the notice required under Fed. R. Civ. P. Rule 45(b)(1). Those subpoenas were quashed and the Court, *suo sponte*, indicated an intent to consider sanctions. *Murphy*, 196 FRD at 222. Explaining why sanctions are appropriate for counsel's failure to serve notice prior to issuing subpoenas stated that the "law could not be clearer concerning an attorney's responsibility when issuing third-party subpoenas." *Murphy*, 196 FRD at 222.

The Court found the requirement of prior notice to be "so clear" that violation of the notice requirement, standing along, would justify the imposition of sanctions. *Murphy*, 196 FRD at 223. The *Murphy* Court ultimately imposed a compensatory sanction in the form of an attorney fees award. *Murphy*, 196 FRD at 227.

The Advisory Committee has adopted the views of the Courts cited above, stating:

> Courts have agreed that notice must be given "prior" to the return date, and have tended to converge on an interpretation that requires <u>notice to the parties before the subpoena is served</u> on the person commanded to produce or permit inspection. <u>That interpretation is adopted</u> in amended Rule 45(b)(1) to give clear notice of general present practice.
>
> Advisory Committee Notes to the 2007 Amendment.

Therefore, this Court should quash the subpoena to Dr. Bindie because of the defendants' violation of the express requirement set forth in Fed. R. Civ. P. Rule 45(b)(1) that prior notice of the subpoena be served on all parties.

**C.  The subpoena should be quashed because the defendants have waived production and are attempting to circumvent the requirements of Fed. R. Civ. P. Rule 34**

Rule 26(a)(2) sets forth the disclosure requirements for expert witnesses. The parties have in substance complied with those requirements. The defendants, in addition, served interrogato-

7

ries with respect to expert witness and requests for production that did not request any documents concerning expert witnesses.

The defendants' Interrogatory No. 10 requested statements concerning expert testimony generally tracking the language defining the contents of the expert's written report in Fed. R. Civ. P. Rule 26(a)(2)(B). **Exhibit 7** (Interrogatories, in relevant part). In response, the plaintiffs objected, asserting that expert disclosure was controlled by the scheduling order herein and stating that plaintiff would provide expert disclosure pursuant to the scheduling order, which was on consent and stipulated to by the parties. **Exhibit 8**, Interrogatory Answers, in relevant part.

The Consent Scheduling Order herein (docketed as Document No. 12), which was agreed to by the defendants, requires that the parties make disclosure pursuant to Fed. R. Civ. P. Rule 26(a)(2). **Exhibit 9**, Consent Scheduling Order at ¶3. The defendants at no time objected or otherwise disputed the plaintiffs' response to Interrogatory No. 10. The defendants at no time filed a motion for an order pursuant to Fed. R. Civ. P. Rule 37(a)(3)(B) with respect to that (or any other) answer to an interrogatory by the plaintiff.

The subpoena to Dr. Bindie demands that he produce:

> Each and every record and/or note relating to your expert report dated April 25, 2008. This includes all handwritten or type written notes and/or email and other electronic means of storing data and information

**Exhibit 1**, Subpoena dated May 13, 2008

The demand made in the subpoena goes far beyond what plaintiffs are required to disclose pursuant to Fed. R. Civ. P. Rule 26(a)(2)(B). The plaintiffs in their Interrogatory Answers stated they would provide expert disclosure pursuant to the Consent Scheduling Order and nothing

more. The defendants entered into that Order. The defendants never objected or moved to compel any further or different production of plaintiffs' expert.

A Fed. R. Civ. P. Rule 45 subpoena constitutes a discovery demand within the meaning of Fed. R. Civ. P. Rule 26 and Fed. R. Civ. P. Rule 34. *E.g.*, *Dodson v. CBS Broadcasting, Inc.*, No. 02 Civ. 9270, 2005 WL 3177723 (SDNY November 29, 2005) (refusing to enforce a subpoena duces tecum served after the close of discovery). One Court has noted that a "subpoena duces tecum under Rule 45, is not intended as a substitute for a motion to produce under Rule 34, where as in this case, the subpoena requires production of documents under the control of plaintiff" *Wirtz v. Local Union 169*, 37 FRD 349 at 351 (D. Nevada 1965).

Dr. Bindie, as a retained expert, is not a "third party" because he is within the plaintiffs' control. The defendants recognized this when they served their interrogatories request expert disclosure. The fact that the defendants failed to make a request for material outside the scope of Rule 26 constitutes a waiver of the demand that they are making in the (defective) subpoena that is the subject of this motion.

Defendants in their attempt to use Rule 45 are also circumventing the requirements of Rule 34, which allow the responding party thirty days to review the request and potential documents and form proper objections, including the assertion of applicable privileges. Fact discovery in this case commenced formally on September 24, 2007, nearly nine months ago. **Exhibit 9**, Consent Scheduling Order. The defendants have therefore had more than sufficient time to formulate their discovery demands and pursue any responses that they believed were inadequate. Defendants did neither. Therefore, this Court should also quash the subject subpoena because it was served to circumvent the requirements of Rules 26, 33, 34 and 37.

**D. This Court should award attorney fees in favor of plaintiffs and against the defendants in connection with this motion because the subpoena is palpably improper**

As set forth in the foregoing sections, the subpoena was in virtually all respects served in violation of the applicable rules and did not conform with the requirements of Fed. R. Civ. P. Rule 45 on its face. It was also served after nearly eight months with the improper motive of circumventing Fed. R. Civ. P. Rule 34 and bypassing defendants' own waiver of the demand made in the subpoena.

Accordingly this Court should award attorney fees upon submission of a declaration setting forth the total hours expended on this motion and any related proceedings.

**E. Conclusion**

For all the reasons set forth herein Plaintiffs respectfully request that this Court grant this Motion and issue an order quashing the May 13, 2008 subpoena to Dr. Richard Bindie and award attorney fees in favor of plaintiffs against the defendants.

Dated:  New York, New York
        May 19, 2008

> Respectfully submitted,
>
> **Catafago Law Firm, PC**
> **and Jonathan Bauer, Esq.**
> Empire State Building
> 350 Fifth Ave. Suite 4810
> New York, NY 10118
> 212-239-9669
> 212-239-9688 (fax)
> catafagolaw@verizon.net
>
> s/ _____
> By: Jonathan Bauer