IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Estate of VALERIE YOUNG, et al.,

      plaintiffs,

- against -

STATE OF NEW YORK OFFICE OF MENTAL
RETARDATION AND DEVELOPMENTAL
DISABILITIES, *et al.*,
            defendants.

ECF CASE

Case No.: 07 CV 06241 (LAK)

**PLAINTIFF'S ANSWERS TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

      Plaintiffs, Estate of VALERIE YOUNG by VIOLA YOUNG, as Administrator of the Estate of Valerie Young, and in her personal capacity, SIDNEY YOUNG, and LORETTA YOUNG LEE, as and for their Answers to the Defendants' states the following, under penalty of perjury, pursuant to Fed.R.Civ.Pro. Rule 33 and Local Civil Rules 26.2, 26.3, 33.1 and 33.3:

**A.**    **PRELIMINARY STATEMENT**

      Plaintiffs answer these interrogatories subject to the definitions and rules of construction set forth in Fed.R.Civ.Pro. Rule 33 and Local Civil Rules 26.2, 26.3, 33.1 and 33.3 of the Southern District of New York.

      The Answers herein are based upon the information currently available to the plaintiffs and/or counsel. Plaintiffs reserves the right to amend and supplement each and every one of these answers should they learn or otherwise become aware of further or different information.

***EXHIBIT 8***

**Answer**

  Objection. Local Rule 26.2(a)(2)(B) is only applicable where the assertion of a claim of privilege is invoked by the answering party. Plaintiff further objects on the grounds that this Interrogatory as written exceeds the scope permitted set forth in Local Civil Rule 33.3 insofar as the defendants' purported incorporation of Local Civil Rule 26.2(a)(2)(B). Plaintiffs further object on the grounds that this interrogatory seeks information and interpretations of legal terms of art outside the plaintiffs' knowledge.

  Without waiving this objection, plaintiffs state that they did not communicate with the defendants concerning the Americans with Disabilities Act.

9.  Identify all persons with whom plaintiffs have had communications, including identifying oral communications as provided in Local Civil Rule 26.2 (a) (2) (B), concerning the allegation in paragraph "41" of the Complaint that "[a]s the result of the discriminatory acts and omissions of OMRDD and the Individual Defendants, decedent YOUNG was caused to suffer physical and emotional pain ultimately leading to her death."

**Answer**

  Objection. Local Rule 26.2(a)(2)(B) is only applicable where the assertion of a claim of privilege is invoked by the answering party. Plaintiff further objects on the grounds that this Interrogatory as written exceeds the scope permitted set forth in Local Civil Rule 33.3 insofar as the defendants' purported incorporation of Local Civil Rule 26.2(a)(2)(B). Plaintiffs further object on the grounds that this interrogatory seeks information and interpretations of legal terms of art outside the plaintiffs' knowledge.

  Without waiving this objection, plaintiffs state that they did not communicate with the defendants concerning the Rehabilitation Act.

10.  Identify each person whom plaintiffs expect to call as an expert witness at trial and state the following for each:

(a) the subject matter on which the expert is expected to testify;
(b) the substance of the opinions and conclusions to which the expert is expected to testify;
(c) a summary of the grounds for each such opinion and conclusion; and
(d) identify each expert's resume or curriculum vitae.

**Answer**

  Objection. Expert disclosure is subject to the scheduling order herein.

  Without waiving this objection, plaintiff will provide expert disclosure pursuant to the scheduling order herein.