UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

Estate of VALERIE YOUNG, et al., :

                        Plaintiffs, : **DECLARATION OF JOSE L. VELEZ IN OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS**

  - against - :

STATE OF NEW YORK OFFICE OF MENTAL :
RETARDATION AND DEVELOPMENTAL
DISABILITIES, et al., : 07-CV-6241 (LAK)(DCF)
                                                                               ECF Case

                        Defendants. :

------------------------------------------------------------------------X

      JOSE L. VELEZ, an attorney admitted to practice before the Courts of the State of New York and this Court, certifies pursuant to 28 U.S.C. § 1746 and under penalty of perjury, that the following is true and correct:

      1.     I am an Assistant Attorney General in the office of Andrew M. Cuomo, Attorney General of the State of New York, attorney for defendants State of New York Office of Mental Retardation and Developmental Disabilities ("OMRDD"), Brooklyn Developmental Disabilities Service Office ("BDDSO") Director Peter Uschakow, Deputy Director of Operations Jan Williamson, Residential Unit Supervisor Gloria Hayes, Treatment Team Leader Kathleen Ferdinand and Medical Doctor Jovan Milos, and Hudson Valley Developmental Disabilities Services Office Deputy Director of Operations Suresh Arya.

      2.     I submit my Declaration to set forth the circumstances surrounding the filing of plaintiffs' motion for sanctions and attorneys fees. I also submit my Declaration to describe the discovery that has been produced in this case, provide a copy of defendants' expert report, and provide copies of designated portions of deposition testimony and one deposition exhibit which

are referred to in the accompanying memorandum of law.

3.  The filing by plaintiffs of a motion for sanctions on May 14, 2008 was the first indication to defendants that plaintiffs believed there was a discovery dispute concerning the Special Observation Logs that required court intervention.

4.  During plaintiffs' depositions of six defendants (one of whom also served as a Fed. R. Civ. P. 30(b)(6) witness), their counsel did not question any of the defendants regarding the location of the documents that is the basis for the sanctions motion.

5.  Plaintiffs made no attempt to address their purported dispute with defendants prior to filing this motion, failed to comply with the requirements of Local Rule 37.2 when they did not request an informal conference with the Court before making this motion, and have failed to comply with this Court's Motion Rules and Procedures regarding discovery dispute for ECF cases by raising their discovery disputes with the Court promptly once it was clear to them that the issues could not be resolved by agreement.

6.  In addition, plaintiffs made improper references in their sanction motion to Cosentino v. OMRDD, et al., 07-CV-04159 (AKH), which is the subject of a confidentiality order.

7.  In response to plaintiffs' discovery demands, as well as in support of their defense to this litigation, defendants have produced approximately 11,000 pages of documents to plaintiffs, including approximately 500 pages of BDDSO Core Logs and Wing Logs that reference decedent.[1]

---

[1] These are all of the documents identified by defendants as being in their possession that are responsive to the discovery requirements under the Fed. R. Civ. P. and plaintiffs' discovery requests, and include Valerie Young's clinical records.

8. Approximately 10,000 pages of these documents consist of decedent's medical records while she resided at the BDDSO. These records include medication and treatment records, consultation requests and reports, treatment team notes, progress notes, quarterly nursing reviews, clinical nursing notes, medication reviews, lab results, physicians order sheets, interdisciplinary treatment team notes, behavior management review committee notes, goal plans, and treatment team quarterly and annual review records.

9. However, in recognition that the Special Observation Logs cannot be accounted for, defendants are prepared to pay plaintiffs' reasonable attorneys fees for bringing this motion.

10. Annexed hereto under Exhibit Tab A is a true and correct copy of the medical expert report of Diane M. Sixsmith, M.D., M.P.H., FACEP, dated February 26, 2008, formulating her opinion on the medical care given to decedent Valerie Young by defendants.

11. Annexed hereto under Exhibit Tab B is a true and accurate copy of designated pages of the transcript of the deposition of plaintiff Viola Young that was taken on January 29, 2008.

12. Annexed hereto under Exhibit Tab C is a true and correct copy of designated pages of the transcript of the deposition of plaintiff Loretta Young Lee that was taken on January 28, 2008.

13. Annexed hereto under Exhibit Tab D is a true and correct copy of designated pages of the transcript of the deposition of defendant Peter Ushakow that was taken on April 11, 2008.

14. Annexed hereto under Exhibit Tab E is a true and correct copy of designated pages of the transcript of the deposition of defendant Jan Williamson that was taken on April 10,

2008.

  15. Annexed hereto under Exhibit Tab F is a true and correct copy of designated pages of the transcript of the deposition of defendant Kathleen Ferdinand that was taken on April 7, 2008.

  16. Annexed hereto under Exhibit Tab G is a true and correct copy of designated pages of the transcript of the deposition of defendant Gloria Hayes that was taken on April 18, 2008.

  17. Annexed hereto under Exhibit Tab H is a true and correct copy of designated designated pages of the transcript of the deposition of defendant Dr. Jovan Milos that was taken on March 27, 2008, as well as Plaintiffs' Exhibit 4 for that deposition (BDDSO Annual CFA Team Meeting Discussion for decedent, dated April 13, 2005).

Dated: New York, New York
   May 30, 2008

            Respectfully submitted,
            ANDREW M. CUOMO
            Attorney General of the
             State of New York
            Attorney for Defendants
             By:

            S/
            JOSE L. VELEZ
            Assistant Attorney General
            120 Broadway, 24th Floor
            New York, N.Y. 10271
            (212) 416-8164

To: JONATHAN BAUER, ESQ.
   The Catafago Law Firm, P.C.
   Empire State Building
   350 Fifth Avenue, Suite 4810
   New York, NY 10118
   (212) 239-9669
     Docket No.  07 CV 6241 (LAK) (DCF)

_____
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

Estate of VALERIE YOUNG by VIOLA YOUNG, as Administratrix of the Estate of Valerie Young, and in her personal capacity, SIDNEY YOUNG, and LORETTA YOUNG LEE,

                Plaintiffs,

   -against-

STATE OF NEW YORK OFFICE OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES, PETER USCHAKOW, personally and in his official capacity, JAN WILLIAMSON, personally and in her official capacity, SURESH ARYA, personally and in his official capacity, KATHLEEN FERDINAND, personally and in her official capacity, GLORIA HAYES, personally and in her official capacity, DR. MILOS, personally and in his official capacity,

                Defendants.
_____

              DECLARATION
_____

      ANDREW M. CUOMO
      Attorney General of the
      State of New York

      ATTORNEY FOR
         Defendants

      Office and Post Office Address
      120 Broadway, 24th Floor
      New York, New York 10271
      (212) 416-8164

_____