IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ESTATE OF VALERIE YOUNG, et al., | ECF Case |
| plaintiffs, | Case No.: 07-CV-06241 (LAK) |
| - against - | **DECLARATION OF JACQUES CATAFAGO, ESQ.** |
| STATE OF NEW YORK OFFICE OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES, et al., | |
| defendants. | |

JACQUES CATAFAGO, an attorney admitted to practice before the Courts of the State of New York and this Court, certifies pursuant to 28 USC §1746 and under penalty of perjury, that the following is true and correct:

1. I am co-counsel for plaintiffs together with Jonathan Bauer, Esq. I make this Declaration of my personal knowledge based upon my review of the records and documents of this case. I submit this Declaration in support of this Motion for Sanctions.

2. I conducted the depositions of defendants in this matter. During the course of the depositions, both on and off the record, Assistant Attorney General Jose L. Velez repeatedly and without qualification assured me that all documents relating to this action have been produced.

3. During one deposition, AAG Velez rejected my demand for production of a document stating "Maybe you just need to make a second look, because it's [defendants' production] 10,000 pages." Moving Papers, **Exhibit 15** Suresh Arya Deposition at page 80.

4. These assurances were general as to all document and were also particular as to the log books incorporating fifteen minutes observations of decedent Valerie Young ("Valerie").

*1*

5. During the April 7, 2008 deposition of Kathleen Ferdinand, the Assistant Attorney General assure me that the observation logs had been produced:

> Q. And were logbooks prepared by the person supervising [Valerie] one-to-one?
>
> A. Yes.
>
> Q. And that would have been prepared?
>
> A. Yes.
>
> Mr. Catafago: <u>Counselor, we haven't received any logbooks</u>.
>
> AAG Velez: <u>Yes, you have</u>.
>
> Mr. Catafago: One-to-one models?
>
> AAG Velez: At least 500 pages or --
>
> Mr. Catafago: Okay, I stand corrected.
>
> **Exhibit 41** Kathleen Ferdinand Deposition at Pages 250:15 through 251:8 (emphasis added).

6. AAG Velez made these assurance in telephone conversation and on the record, including, but not limited to, the following:

(a) Deposition of Jovan Milos taken March 27, 2008:

(i) Page 115 (plaintiffs have been "<u>informed of any and all documents</u> relating to this case"), filed herewith at **Exhibit 38** (emphasis added).

(ii) Page 157 ("I will say again that <u>we have produced all documents</u> related to this case") filed with the moving papers at **Exhibit 13** (emphasis added).

(b) Deposition of Gloria Hayes taken April 18, 2008:

(i) Page 165 ("You have everything that was in the file") filed with the moving papers at **Exhibit 12**.

    (ii)    The witness testified that all documents in her custody were delivered to Jan Williamson and, by counsel, all were produced:

> AAG Velez:    There's a misunderstanding here.
>
> Mr. Catafago:  Then let's straighten this out.
>
> Q. Did you produce them [the documents] to your attorneys?
>
> A. Everything I had was sent over to the director's office.
>
> AAG Velez:    Jan Williamson
>
> Mr. Catafago:  Okay.
>
> AAG Velez:    So they were provided.
>
> Moving Papers **Exhibit 12** Hayes Deposition at page 166:8 through 166:19.

    (iii)   Pages 176-177 ("<u>Everything has been provided</u>") filed herewith at **Exhibit 39** (emphasis added).

(c) Deposition of Kathleen Ferdinand taken April 7, 2008:

    (i)    Page 189 ("We produced the full medical records") filed with the moving papers at **Exhibit 14**;

    (ii)   Pages 250-251 (representing that the observation logbooks were produced) filed herewith at **Exhibit 40**, quoted above at ¶5.

(d) Deposition of Suresh Arya taken April 8, 2008:

    (i)    Page 75 (stating "the full medical file was produced" and suggesting that I make a "second look, because it's 10,000 pages.") filed with the moving papers at **Exhibit 15**;

    (ii)   Page 80 (representing that "all records" relating to Valerie's treatment were produced) filed with the moving papers as **Exhibit 15**.

7.  Attorney Patricia Pawlowski appeared on behalf of defendant OMRDD and was present throughout every one of the defendants' depositions. Ms. Pawlowski is a General Counsel of OMRDD. See defendants' depositions appearance pages, appearance of OMRDD by Patricia Pawlowski, Esq., **Exhibit 39** at page 3 and **Exhibits 40-44** at page 2.

8.  Attorney Pawlowski was present on every occasion that AAG Velez represented that all documents had been produced and did not, on <u>or off</u> the record, correct his statements.

9.  Defendants did not submit a statement on behalf of OMRDD by Attorney Pawlowski in connection with the documents subjected to spoliation.

10. During a telephone conversation on or about May 22, 2008, and only <u>after this motion had been filed</u>, AAG Velez acknowledged that he had noticed that the close supervision logs at issue were missing. Prior to that conversation AAG Velez maintained that all documents relating to Valerie Young's treatment at the Brooklyn Developmental Center had been produced, (as per the statements above at ¶6 and exhibits to the moving papers herein).

11. After depositions were completed co-counsel Jonathan Bauer and I followed the suggestion on the record made by AAG Velez to "make second look, because it is 10,000 pages" (moving papers **Exhibit 15**, Arya Deposition at page 80).

12. We decided to "make a second look" because it became apparent to us that notwithstanding the representations that "all records" were produced (see ¶¶5-6 above), documents were (and are still) missing.

13. The State Commission in their final determination commented on the lack of information about Valerie's level of activity (Moving Papers, **Exhibit 8**) discussing two pages of special observation logs (Moving Papers **Exhibit 15**).

14. Exhibit 52 is a page of the observation logs over a fax cover from the Brooklyn Developmental Center dated **July 28, 2005**, over one month after Valerie died was produced by defendants. See **Exhibit 52**, pages 1 and 2, Bates 0128-0129, filed herewith.

15. In response to a subpoena, documents were produced by the Commission and included the one of the pages from the special observation logs bearing a fax header from the Brooklyn Developmental Center dated **July 28, 2005** confirming the date on the fax cover sheet as the actual date transmitted. See **Exhibit 52**, page 5, Bates CQC76.

16. These documents confirm that the special observation logs were extant as late as July 28, fully one month after Valerie died and after the date that the defendants were without doubt on notice of both the State investigation and the complaint by Mrs. Young triggering the common law obligation to preserve documents, in addition to the regulatory requirements discussed in the Moving Memorandum and Memorandum submitted herewith. We note that logbooks are physically bound volumes. *E.g.*, **Exhibit 53** (Core Log) at Bates 9917 (front cover and Bates 9976 (inside back cover).

Dated:   June 6, 2008

                                                  Respectfully Submitted,

                                                   s/                 
                                              Jacques Catafago, Esq.