UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X

Estate of VALERIE YOUNG by VIOLA YOUNG, :
as Administratrix of the Estate of
Valerie Young, and in her personal       :    **DECLARATION OF**
capacity, SIDNEY YOUNG, and LORETTA            **SURESH ARYA**
YOUNG LEE,                                :

               Plaintiffs,        :    07-CV-6241
                                               (LAK)(DCF)
                                          :     ECF Case
       -against-
                                          :

STATE OF NEW YORK OFFICE OF MENTAL
RETARDATION AND DEVELOPMENTAL             :
DISABILITIES, PETER USCHAKOW,
personally and in his official capacity,:
JAN WILLIAMSON, personally and in her
official capacity, SURESH ARYA,           :
personally and in his official capacity,
KATHLEEN FERDINAND, personally and in     :
her official capacity, GLORIA HAYES,
personally and in her official capacity,:
DR. MILOS, personally and in his
official capacity,                        :

              Defendants.        :

------------------------------------------X

    SURESH ARYA, pursuant to 28 U.S.C. § 1746, declares under

penalty of perjury that the following is true and correct:

    1.    I am presently employed by the New York State Office of

Mental Retardation and Developmental Disabilities ("OMRDD") at

the Hudson Valley Developmental Disability Service Center

("HVDC") as Deputy Director of Operations, a position I have held

since September 2004.  Prior to that I was employed at OMRDD's

Brooklyn Developmental Disability Service Center ("BDC") from

July 2000 to September 2004, also as Deputy Director of

Operations.  At BDC I reported directly to the Director, Peter Uschakow.  I am a Defendant in this action.

2.    I am familiar with the matters set forth herein based on my personal knowledge and on information and belief, the bases for which are my communications with employees at OMRDD and the New York State Office of the Attorney General ("OAG"), my review of documents maintained by BDC, as well as Plaintiffs' Complaint.  I submit this Declaration in support of Defendants' Motion for Summary Judgment in this action to dismiss Plaintiffs Viola Young, Loretta Lee Young and Sidney Young's Complaint.

3.    As the Deputy Director of Operations of BDC, I oversaw the business office, discipline coordinators, residential services, housekeeping, maintenance and the power plant.  My oversight of residential services involved the team leaders who were directly responsible for five residential units.  The team leaders reported to me on an as needed basis and during biweekly meetings.  I would discuss with the team leaders issues related to general operations and did not discuss patient issues unless there was some unusual situation such as behavior problems. Valerie Young's treatment team leader was Kathleen Ferdinand.

4.    My oversight of discipline coordinators involved the specialists in the particular clinical fields including medicine, psychiatry and psychology, nursing, physical therapy and occupational therapy.  I had monthly meetings with them related

to the general operation of their departments or more frequently if there was a special concern. I do not recall Ms. Young being the subject of any of these meetings, other than as the subject of a couple of special meetings related to her aggressive behavior. I had no personal involvement in the treatment and care provided to consumers, including Ms. Young.

5.    During my tenure at BDC, Ms. Young's mother, Viola Young, called for a couple of special meetings because she was concerned with Ms. Young's aggressive behavior. Mrs. Young complained that Ms. Young was unmanageable, uncontrollable. She wanted to increase the psychotropic medications that Ms. Young was receiving. It is my understanding that Ms. Young's doctors did not think it was appropriate to increase these medications. Matters related to the medical treatment of consumers are for the physician to determine, because all decisions related to medical treatment and care of the consumer are considered part of the medical professional practice.

6.    At the time I left BDC, Ms. Young was able to walk around the facility although she was unsteady on her feet. Since leaving BDC in September 2004, I have not spoken to anyone about Ms. Young. I was not made aware of the matters about which Plaintiffs complain related to Ms. Young's reduced walking ability that required her use of a wheelchair for transportation, because these are matters that I occurred after I left BDC.

P.05

Thus, I was not personally involved in the April 2005 decision to place her in a wheelchair for transportation purposes. I was also not involved in the May 2005 decision to place Ms. Young in physical therapy. I was further not involved in the November 2004 decision to place Ms. Young on fifteen minute checks which required entries in Special Observation Logs, nor did I destroy any of these logs or direct anyone to do so. I was no longer at BDC when these things occurred.

7.    Accordingly, I respectfully request that this Court grant summary judgment, dismissing the Complaint in its entirety against me.

Dated:   Rockland, New York
         July 15, 2008

_____
SURESH ARYA

4