IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ESTATE OF VALERIE YOUNG, et al., | ECF Case |
| plaintiffs, | Case No.: 07-CV-06241-LAK-DCF |
| - against - | **DECLARATION OF VIOLA YOUNG IN OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT** |
| STATE OF NEW YORK OFFICE OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES, et al., | |
| defendants. | |

VIOLA YOUNG certifies pursuant to 28 USC §1746 and under penalty of perjury, that the following is true and correct:

1. I am Valerie Young's mother, the administrator of her estate and a plaintiff in this action. I make this Declaration of my personal knowledge unless otherwise noted. This Declaration is in Opposition to the Motion for Summary Judgment, which I understand from my attorneys to be a submission to this Court seeking to have this action dismissed.

2. I am not a physician and I am not an attorney.

3. During my deposition I was asked what "proof" I had against the defendants.

4. I am not qualified to state what might constitute "proof" in a Federal civil rights action and it is further my understanding from my attorneys that critical "proof" in the form of Special Observation Logs were destroyed or otherwise lost by the defendants.

5. Even though I attended Team Meetings for my daughter regularly (other than the final annual meeting, when I was too ill to attend), I was not told that BDC had been maintaining a log of Valerie's activities twenty-four hours each day.

6. I never observed any of the 2005 physical therapy sessions that my daughter was supposedly provided because I was ill during that time and therefore do not have direct personal knowledge of what, if anything, occurred during those sessions.

7. I told Kathleen Ferdinand about my concern that Valerie was in her wheelchair too much of the time, and that Valerie needed to be walked regularly by staff.

8. I also told Dr. Milos about my concern that Valerie was in her wheelchair too much of the time, and that Valerie needed to be walked regularly by staff.

9. During my visits and my observations I did see Valerie being walked by staff.

10. I brought this up with both Team Leader Ferdinand and Dr. Milos many times, but I was never given a explanation.

11. I also spoke to Peter Uschakow concerning my daughter's difficulty walking, but there was never any meaningful response from his office.

12. It was clear to me that especially during the last months of Valerie's life, she was completely non-ambulatory, meaning, she could not walk on her own.

13. It was also clear to me that staff at BDC were not responding to this properly by assisting her with walking regularly (or at all so far as I could tell).

Wherefore, for all of the reasons given is the Memorandum of Law, the Declaration of Jacques Catafago, Esq. and exhibits submitted herewith in Opposition to the Motion for Summary Judgment, I respectfully requests that the defendants motion be denied in its entirety.

Dated: Brooklyn, New York
       September 8, ~~2005~~ 2008

_____
Viola Young