2
UNITED STATES DISTRICT COURT

3
SOUTHERN DISTRICT OF NEW YORK

4
---------------------------------------x

5
JOHN COSENTINO, an Incapacitated Person,

6
by and through his guardian, ANTHONY
COSENTINO, and co-guardian, MARY ANN

7
COSENTINO,

8
                    Plaintiffs,

9
          -against-

10
THE STATE OF NEW YORK OFFICE OF MENTAL
RETARDATION AND DEVELOPMENTAL

11
DISABILITIES, et al.,

12
                    Defendants.

13
---------------------------------------x

14

15

16
     DEPOSITION of Peter Alexander

17
Uschakow, taken by the Plaintiffs, held at

18
the Office of the Attorney General Andrew M.

19
Cuomo, 120 Broadway, New York, New York

20
10271-0332, on October 30, 2007,

21
commencing at 10:13 a.m., before Michele

22
D. Lucchese, a Shorthand Reporter and

23
Notary Public within and for the State of New

24
York.

25

```
2

3    A P P E A R A N C E S:

4    THE CATAFAGO LAW FIRM, P.C.

5    Attorney for Plaintiffs

6        350 Fifth Avenue

7        New York, New York 10118

8    BY:  JACQUES CATAFAGO, ESQ.

9

10   STATE OF NEW YORK

11   OFFICE OF THE ATTORNEY GENERAL ANDREW M. CUOMO

12   LITIGATION BUREAU

13       120 Broadway

14       New York, New York 10271-0332

15   BY:  RACHEL C. ANELLO,

16   Assistant Attorney General

17

18   STATE OF NEW YORK

19   OFFICE OF MENTAL RETARDATION AND

20   DEVELOPMENTAL DISABILITIES

21       75 Morton Street

22       New York, New York

23   BY:  PATRICIA DELOREY PAWLOWSKI,

24   Assistant Counsel

25               (CONTINUED ON NEXT PAGE)
```

```
 1                Uschakow

 2     A.    Did I?  No.

 3     Q.    Do you know who they were?

 4     A.    Do I know?

 5     Q.    During that time period?

 6     A.    No.

 7     Q.    Do you know what their

 8  qualifications or training were?

 9     A.    I'm sure they passed the direct

10  care test.

11     Q.    Do you know that for sure?

12     A.    Yes.

13           MS. ANELLO:  Objection.

14     Q.    But you don't know who they are?

15           MS. ANELLO:  This is outside the

16     scope.

17           MR. CATAFAGO:  Actually, I don't

18     think it is.

19           Can I have this series of

20     documents marked as Exhibit 2; they

21     were Bates stamped and produced by

22     defendants as D1157 through D1161.

23           (Plaintiff's Exhibit 2, documents

24     Bates stamped D1157 through D1161,

25     marked for identification, as of this
```

```
 1                Uschakow

 2        Q.    I'm sorry, why don't you take a

 3   careful look at the purposes set forth on

 4   the first page of Exhibit 2, and tell me

 5   for the record which of those purposes do

 6   not apply to BDC in your tenure as

 7   director?

 8        A.    These four bullets?

 9        Q.    Yes, the four bullet on the first

10   page of Exhibit 2.

11        A.    That apply to BDC or to my office

12   specifically?

13        Q.    To your office specifically.

14        A.    These responsibilities are

15   delegated from my office to other

16   operational areas or other employees.

17        Q.    Who has the ultimate

18   responsibility of ensuring that these

19   purposes are satisfied and met?

20        A.    I, as the director, have ultimate

21   responsibility.

22            MR. CATAFAGO:  Let's have this

23        document marked as Plaintiff's Exhibit

24        3; it was produced and it is Bates

25        stamped D1155 and 1156.
```