IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| Estate of VALERIE YOUNG by VIOLA YOUNG, as Administrator of the Estate of Valerie Young, and in her personal capacity, SIDNEY YOUNG, and LORETTA YOUNG LEE, | ECF CASE |
| | Case No.:  07 CV 6241 (LAK) |
| plaintiffs, | COMPLAINT |
| - against - | Trial by jury is demanded on all claims so triable |
| STATE OF NEW YORK OFFICE OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES, PETER USCHAKOW, personally and in his official capacity, JAN WILLIAMSON, personally and in her official capacity, SURESH ARYA, personally and in his official capacity, KATHLEEN FERDINAND, personally and her in official capacity, GLORIA HAYES, personally and in her official capacity, DR. MILOS, personally and in his official capacity, | |
| defendants. | |

---

VALERIE YOUNG, through her attorneys, the CATAFAGO LAW FIRM, P.C.. and JONATHAN BAUER, complaining of the defendants, alleges, upon information and belief:

**PRELIMINARY STATEMENT**

1. This is an action brought to vindicate the rights of VALERIE YOUNG, who suffered physical and emotional pain leading ultimately to her death as direct and proximate result of the defendants' violations of her rights secured by the Fourteenth Amendment to the United States Constitution and/or the Americans With Disabilities Act, 42 U.S.C. §12131 *et seq*., and/or the Rehabilitation Act of 1973.

## PARTIES

2. Plaintiff, VIOLA YOUNG has been issued Letters of Administration for Plaintiff Estate of VALERIE YOUNG (the Estate shall hereafter be referred to as "YOUNG" or "Plaintiff" or "Decedent") pursuant the April 13, 2008 order of the New York State Surrogate Court, Kings County, New York.

3. VIOLA YOUNG is the mother of the decedent and brings this action both on behalf of the estate of her daughter, VALERIE YOUNG, and personally.

4. Plaintiff, SIDNEY YOUNG, is the decedent's brother.

5. Plaintiff, LORETTA YOUNG LEE, is the decedent's sister.

6. Defendant, the NEW YORK STATE OFFICE OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES, ("OMRDD") is an agency of the STATE OF NEW YORK with its offices located in the County of New York, among other places.

7. Defendant, PETER USCHAKOW, ("USCHAKOW") was at all times relevant to this Complaint employed by OMRDD. His county of residence is unknown to plaintiff. USCHAKOW is being sued personally and in his official capacity.

8. At all times relevant herein, USCHAKOW was acting under color of state law within the meaning of 42 USC §1983.

9. Defendant, JAN WILLIAMSON, ("WILLIAMSON") was at all times relevant to this Complaint employed by OMRDD. Her county of residence is unknown to plaintiff. WILLIAMSON is being sued personally and in her official capacity.

10. At all times relevant herein, WILLIAMSON was acting under color of state law within the meaning of 42 USC §1983.

11. Defendant SURESH ARYA, (ARYA) was at all times relevant to this Complaint employed by OMRDD. His county of residence is unknown to plaintiff. ARYA is being sued personally and in his official capacity.

12. At all times relevant herein, ARYA was acting under color of state law within the meaning of 42 USC §1983.

13. Defendant, KATHLEEN FERDINAND, ("FERDINAND") was at all times relevant to this Complaint employed by OMRDD. Her county of residence is unknown to plaintiff. FERDINAND is being sued personally and in her official capacity.

14. At all times relevant herein, FERDINAND was acting under color of state law within the meaning of 42 USC §1983.

15. Defendant, "DR. MILOS", ("MILOS") was at all times relevant to this Complaint employed by OMRDD. Complete is unknown to plaintiff. MILOS is being sued personally and in his official capacity.

16. At all times relevant herein, MILOS was acting under color of state law within the meaning of 42 USC §1983.

17. USCHAKOW, WILLIAMSON, ARYA, FERDINAND and MILOS may be hereafter referred to as "the Individual Defendants."

## JURISDICTION

18. This Court has jurisdiction over this case pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 in that this action arises under and seeks redress for the deprivation of rights secured by the Fourteenth Amendments to the United States Constitution, the Americans with Disabilities Act, 42 USC §12131, *et seq*. and §504 of the Rehabilitation Act of 1973, 29 USC §794.

19. This action is properly brought in this Judicial District because one or more of the defendants are doing business and/or are residents of this Judicial District.

## FACTS

20. At all times relevant herein, YOUNG was a resident of the Brooklyn Developmental Center ("BDC").

21. BDC is an adult residential care and treatment facility owned, operated, managed and/or controlled by OMRDD.

22. YOUNG was at all times relevant herein, disabled within the meaning of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act of 1973 ("Rehabilitation Act") by reason of developmental disabilities and other conditions.

23. YOUNG was at all times relevant herein, a qualified individual with a disability within the meaning of the Rehabilitation Act.

24. OMRDD is a recipient of Federal funds.

25. During the time that YOUNG was a resident of BDC, she was in the care and custody of OMRDD and the State of New York.

26. At all times relevant herein, YOUNG was denied necessary health and related care by the OMRDD and the Individual Defendants.

27. As a result of the denial of health and related care, YOUNG was caused physical and emotional suffering and pain by the Defendants and ultimately died.

28. YOUNG was denied health and related care because the OMRDD and the Individual Defendants were deliberately indifferent to her known medical needs and/or acted with reckless indifference to those needs.

29. Additionally and/or in the alternative, the denial to YOUNG of health and related care was as the result of discrimination within the meaning of the ADA and Rehabilitation Act.

30. At all times relevant to this complaint, plaintiffs VIOLA YOUNG, SIDNEY YOUNG and LORETTA YOUNG LEE were involved with the life of the decedent, visited with her regularly and enjoyed her companionship and the familial relations between them.

31. As a result of the death of YOUNG, plaintiffs VIOLA YOUNG, SIDNEY YOUNG and LORETTA YOUNG LEE, have been denied and lost the companionship of and familial relations with the decedent VALERIE YOUNG.

## CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**

*Fourteenth Amendment against the Individual Defendants*

32. Plaintiffs hereby repeat and reiterate the allegations of paragraphs 1 through 31 as if fully set forth herein.

33. As the result of the deliberate indifference to and/or reckless disregard of the Individual Defendants for the health and safety of VALERIE YOUNG, decedent YOUNG was caused to suffer physical and emotional pain of time leading ultimately to her death.

34. The conduct of the Individual Defendants violated YOUNG's rights under the Fourteenth Amendment to the United States Constitution.

35. Wherefore, Plaintiff ESTATE OF YOUNG demands an award of compensatory damages be made against the Individual Defendants, jointly and severally, in an amount to be determined by the jury upon a trial of this action.

**SECOND CLAIM FOR RELIEF**

*Americans With Disabilities Act against OMRDD and the Individual Defendants*

36. Plaintiffs hereby repeat and reiterate the allegations of paragraphs 1 through 35 as if fully set forth herein.

37. As the result of the discriminatory acts and omissions of OMRDD and the Individual Defendants, decedent YOUNG was caused to suffer physical and emotional pain ultimately leading to her death.

38. The conduct of OMRDD and the Individual Defendants constituted unlawful discrimination against YOUNG within the meaning of the ADA.

39. Wherefore, Plaintiff demands an award of damages be made against the defendants, jointly and severally, in an amount to be determined by the jury upon a trial of this action.

**THIRD CLAIM FOR RELIEF**

*The Rehabilitation Act of 1973 against OMRDD and the Individual Defendants*

40. Plaintiffs hereby repeat and reiterate the allegations of paragraphs 1 through 39 as if fully set forth herein.

41. As the result of the discriminatory acts and omissions of OMRDD and the Individual Defendants, decedent YOUNG was caused to suffer physical and emotional pain ultimately leading to her death.

42. The conduct of OMRDD and the Individual Defendants constituted unlawful discrimination against YOUNG within the meaning of the Rehabilitation Act.

43. Wherefore, Plaintiff ESTATE OF YOUNG demands an award of damages be made against the defendants, jointly and severally, in an amount to be determined by the jury upon a trial of this action.

**FOURTH CLAIM FOR RELIEF**

*Fourteenth Amendment against the Individual Defendants*

44. Plaintiffs hereby repeat and reiterate the allegations of paragraphs 1 through 43 as if fully set forth herein.

45. Plaintiffs VIOLA YOUNG, SIDNEY YOUNG and LORETTA YOUNG LEE, have been denied and lost the companionship of and familial relations with the decedent VALERIE YOUNG as a result of the deliberate indifference to or reckless disregard for the health and safety of decedent VALERIE YOUNG.

7

46. Wherefore, Plaintiffs VIOLA YOUNG, SIDNEY YOUNG and LORETTA YOUNG LEE demand an award of damages be made against the Individual Defendants, jointly and severally, in an amount to be determined by the jury upon a trial of this action.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands judgment as follows:

an award of damages on the FIRST CLAIM FOR RELIEF in an amount to be determined by the jury upon a trial of this action jointly and severally against the Individual defendants;

(A) an award of damages on the SECOND CLAIM FOR RELIEF in an amount to be determined by the jury upon a trial of this action all defendants;

(B) an award of damages on the Third CLAIM FOR RELIEF in an amount to be determined by the jury upon a trial of this action jointly and severally against the all defendants;

(C) an award of damages on the Fourth CLAIM FOR RELIEF in an amount to be determined by the jury upon a trial of this action against the Individual defendants;

(D) Reasonable attorney fees, together with the costs and disbursements of this actions, including expert witness fees, pursuant to 42 USC §1988, the Americans With Disabilities Act and the Rehabilitation Act of 1973;

  (E) Any such further and different relief as to which this Court may deem just, fair and equitable.

Dated: New York, New York
    June 29, 2007

                      _____
                      JACQUES CATAFAGO (    )
                      JONATHAN BAUER (JB1966)
                      *Attorneys for Plaintiff*
                      Empire State Building Suite 4810
                      350 Fifth Avenue
                      New York, New York 10118
                      (212) 239-9669 [voice]
                      (212) 239-9688 [facsimile]