UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

| | | |
|---|---|---|
| Estate of VALERIE YOUNG, et al., | : | 07-CV-6241 (LAK)(DCF) |
| Plaintiffs, | : | **DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |
| - against - | : | |
| STATE OF NEW YORK OFFICE OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES, *et al.*, | : | |
| | : | |
| Defendants. | : | |

------------------------------------------------------------------X

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, and Rule 33.2 of this court's local rules, defendants State of New York Office of Mental Retardation and Developmental Disabilities ("OMRDD"), Brooklyn Developmental Disabilities Service Office ("BDDSO") Director Peter Uschakow, Deputy Director Operations Jan Williamson, Residential Unit Supervisor Gloria Hayes, Treatment Team Leader Kathleen Ferdinand and Medical Doctor Jovan Milos, and Hudson Valley Developmental Disabilities Services Office Deputy Director Operations Suresh Arya, in their official capacities and individually (hereinafter collectively referred to as "defendants"), by their attorney, ANDREW M. CUOMO, Attorney General of the State of New York, hereby respond to Plaintiffs' First Set of Interrogatories as follows:

## GENERAL OBJECTIONS

Defendants assert the following General Objections, which are incorporated by reference in their specific responses to each request:

1. Defendants object to the requests to the extent that they seek information in the possession, custody or control of persons other than the defendants, not known to the defendants,

nor readily ascertainable by the defendants or to the extent that they purport to call for information concerning or contained in documents that are no longer in existence or were never or are no longer in the possession, custody or control of the defendants.

2. The individual defendants object to the requirement in Rule 33.2 that they respond to the requests on the basis of information and documents within the possession, custody or control of New York State or the New York State Office of Mental Retardation and Developmental Disabilities.

3. Defendants have not completed the investigation of the facts relating to this action, discovery, review of all documents or preparation for trial. Defendants reserve the right to rely on any facts, documents or other evidence which may develop or come to defendants' attention subsequent hereto. Defendants' responses as set forth herein are based upon information presently known to defendants and their attorneys. Defendants' responses are set forth herein without prejudice to defendants' right to assert additional objections or produce supplemental materials or answers to interrogatories should defendants discover additional materials or grounds for objections or response. Defendants reserve the right to supplement or amend these responses and objections at any time prior to the trial of this action.

Without waiving the foregoing objections, defendants respond as follows:

## INTERROGATORIES

INTERROGATORY NO. 1: "Identify the person or persons answering these interrogatories."

RESPONSE NO. 1: Jan Williamson, Deputy Director Operations in the Brooklyn Developmental Disabilities Service Office of the State of New York Office of Mental Retardation and Developmental Disabilities.

2

INTERROGATORY NO. 2: "Identify all health care providers who treated, cared for, provided consultation, reviewed treatment, reviewed treatment or medical records, and/or evaluated Valerie Young from January 1, 2000 up to and including June 19, 2005, including by example but not limitation, physicians, physical therapists, nurses, clinics, hospitals, and/or dentists."

RESPONSE NO. 2: Defendants object to these interrogatories to the extent that they are overly broad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Without waiving these objections, please refer to documents bates stamped 1 - 8797 annexed under Exhibit Tab A to Defendants' Response to Plaintiffs' First Request for the Production of Documents, Electronically Stored Information and Tangible Things.[1]

INTERROGATORY NO. 3: "Identify all documents comprising, relating and/or concerning incidents, incident reports and investigations, including but not limited to Minor Incidents, Major Incidents, Non-serious Incidents, Serious Incidents, and Reportable Incidents of, involving, concerning or relating to Valerie Young, including, but not limited to the all documents of or concerning the investigation of the New York State Commission on Quality of Care report of its investigation into the death of Valerie Young from January 1, 2000 up to and including the date that these Interrogatories are answered."

RESPONSE NO. 3: See response to Interrogatory No. 2.

INTERROGATORY NO. 4: "Identify the person(s) or entity who have physical custody of the documents identified in your answer to Interrogatory 3."

---

[1] The documents will be produced upon receipt of the authorizations for the release and disclosure of health information and psychotherapy notes for the decedent Valerie Young which were mailed to the attention of plaintiff's counsel on November 8, 2007.

RESPONSE NO. 4: All documents are deemed to be within the possession, custody or control of New York State or the New York State Office of Mental Retardation and Developmental Services and/or the Brooklyn Developmental Disabilities Service Office.

INTERROGATORY NO. 5: "Identify all persons with knowledge or information relevant to the subject matter of this action, including, but not limited to, all persons who witnessed or have knowledge of any fact, report or statement concerning or relevant to the matters set forth in the complaint."

RESPONSE NO. 5: See response to Interrogatory No. 2.

INTERROGATORY NO. 6: "Identify all persons who have acted on defendants' behalf who have investigated the matters set forth in the complaint."

RESPONSE NO. 6: Defendants object to these interrogatories to the extent that they are overly broad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Without waiving these objections, please refer to documents bates stamped 1-356 annexed under Exhibit Tab A to Defendants' Response to Plaintiffs' First Request for the Production of Documents, Electronically Stored Information and Tangible Things.

INTERROGATORY NO. 7: "Identify all of defendants' employees, agents, officials, or representatives or any persons purporting to act on behalf of the defendants who have made any oral or written statement or report to anyone, regarding the matters set forth in the complaint."

RESPONSE NO. 7: See response to Interrogatory No. 6.

INTERROGATORY NO. 8: "Identify all persons who have written any report or made and/or signed any statement concerning any of the matters alleged in the complaint, not otherwise disclosed herein."

RESPONSE NO. 8: See response to Interrogatory No. 6.

INTERROGATORY NO. 9: "Identify all persons with possession, custody or control of any report or statement made by a person identified in response to Interrogatory Nos. 7 and 8."

RESPONSE NO. 9: See response to Interrogatory No. 4.

INTERROGATORY NO. 10: "Identify all persons whom you intend to call as expert witnesses and/or to provide opinion testimony irrespective of whether those persons are specially retained to testify in this action, including any employee of any defendant who may provide opinion testimony or otherwise render an opinion concerning the care, medical care and/or treatment of Valerie Young."

RESPONSE NO. 10: Defendants object to these interrogatories to the extent that they are overly broad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Without waiving these objections, defendants presently have not retained an expert who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

INTERROGATORY NO. 11: "Identify any other individual not listed above with knowledge of plaintiff's death and the care and treatment provided to her for the five years preceding her death."

RESPONSE NO. 11: See response to Interrogatory No. 2.

INTERROGATORY NO. 12: "Identify all documents concerning matters stated in the complaint not otherwise identified herein, and for each document identify the custodian and location of the document. The documents identified should include, but not be limited to:

(a) all documents received or obtained from any person concerning any of the matters alleged in the complaint;

(b) all reports, records, invoices, prescriptions, x-rays, diagrams, charts of other written records that memorialize any medical treatment, examination or medical consultation of plaintiff from January 1, 2000 through June 19, 2005.

(c) all documents comprising, memorializing, documenting or otherwise referring to conversations or any other communication with the plaintiffs or plaintiffs' decedent;

(d) all documents concerning plaintiff's decedent's state of health on or after January 1, 2000.

(e) all documents received by any defendant concerning the matters alleged in the complaint;

(f) all reports, drafts of reports, memoranda, email or any other documents, including invoices, written or supplied by or to the persons identified in your answer to Interrogatory No. 10."

RESPONSE NO. 12: See response to Interrogatories Nos. 2 and 4.


Dated: New York, New York
       November 30, 2007

ANDREW M. CUOMO,
Attorney General of the
State of New York
<u>Attorney for Defendants</u>
By:

*/s/ Jose L. Velez*

JOSE L. VELEZ
Assistant Attorney General
120 Broadway - 24th Floor
New York, New York 10271
Tel. No. (212) 416-8164

## CERTIFICATION

STATE OF NEW YORK    )
                     SS.:
COUNTY OF KINGS      )

JAN WILLIAMSON, pursuant to 28 U.S.C. Section 1746, declares under penalty of perjury that the following is true and correct:

1. I am the Deputy Director Operations in the Brooklyn Developmental Disabilities Service Office of the State of New York Office of Mental Retardation and Developmental Disabilities.

2. I have read the foregoing Defendants' Responses to Plaintiffs' First Set of Interrogatories, and the responses are true and accurate to the best of my information, knowledge or belief.

*[signature]*
JAN WILLIAMSON
11/30/07

Executed on November 30, 2007